## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANGELA ISAACS, on her own
behalf and on behalf of those similarly
situated,

                                                   CASE NO.:

               Plaintiff,

vs.

ONE TOUCH DIRECT, LLC, a Florida
Limited Liability Company,

_____ Defendant. _____/

### COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ANGELI ISAACS, on her own behalf and on behalf of those similarly situated ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, ONE TOUCH DIRECT, LLC, a Florida Limited Liability Company ("Defendant") and states as follows:

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3.     This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims

form a part of the same case or controversy and arise out of a common nucleus of operative facts as her overtime claims.

## PARTIES

4.      At all times material to this action, Plaintiff was a resident of Hillsborough County, Florida.

5.      At all times material to this action, Defendant was, and continues to be a Florida Limited Liability Company.  Further, at all times material hereto, Defendant was, and continues to be, engaged in business in Florida, doing business in Hillsborough County.

6.      At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §7 of the FLSA.

7.      At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8.      At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9.      Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10.      At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11.      Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12.    At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on office supplies, computers and telephones - goods or materials that had been moved in or produced for commerce.

13.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

14.    On or about October 2012, Defendant hired Plaintiff to work as a non-exempt hourly-paid "customer service representative" for Defendant's business operating call centers, *inter alia,* in and around the Tampa, Florida area.

15.    Plaintiff's job duties included, but were not limited to providing customer service, technical support, sales and floor support.

16.    At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

17.    From at least October 2012 and continuing through October 2013, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

18.    Defendant implemented three policies or practices which caused these underpayments or non-payments of overtime.

19.    First, Defendant did not include Plaintiff's commissions in calculating her regular rate of pay, such that overtime hours paid in weeks in which commissions were earned were not paid at the proper rate. Rather, the overtime rate was simply one and one half times Plaintiff's hourly rate, and commissions were ignored.

20.     Second, Defendant had a uniform policy and practice pursuant to which Plaintiff and her co-workers were required to arrive ten (10) to fifteen (15) minutes early for each shift.  However, Plaintiff, her co-workers and customer service representatives in other locations were instructed that they were not permitted to clock in until the start of their scheduled shifts.

21.     In many weeks these uncompensated hours would have been hours over 40.

22.     Third, Plaintiff was subject to Defendant's uniform policy or practice of allowing employees to take breaks of fifteen (15) to twenty (20) minutes, while only compensating five (5) minutes of the break time.

23.     Despite Defendant's knowledge that Plaintiff took breaks of longer than five (5) minutes, Plaintiff was never disciplined for taking longer breaks.  Rather, she was permitted to take the breaks, but was nonetheless only paid for five (5) minutes of the break time.

24.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

25.     The additional persons who may become plaintiffs in this action with respect to the claim for unpaid overtime, "worked" for Defendant in one or more workweeks in the three years preceding the filing of this Complaint as customer service representatives in Florida, and worked in excess of forty (40) hours during one or more workweeks during the relevant time periods, but did not receive pay at one and one-half

times their regular rate for all hours worked in excess of forty (40) hours, due to the policies described in Paragraphs 18 through 22, above.

26.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

27.     Defendant has violated Title 29 U.S.C. §207 from at least October 2012 continuing through October 2013, in that:

        a.      Plaintiff and those similarly situated worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant;

        b.      No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

        c.      Defendant has failed to maintain proper time records as mandated by the FLSA.

28.     Defendant's failure and/or refusal to properly compensate Plaintiff and those similarly situated at the rates and amounts required by the FLSA was willful.

29.     Defendant failed and/or refused to properly disclose or apprise Plaintiff and those similarly situated of her rights under the FLSA.

30.     To the extent that uncompensated pre-shift hours worked were not overtime hours, Defendant has been enriched by not having to pay Plaintiff and those similarly situated for all hours worked.

31.     Plaintiff and those similarly situated performed work for Defendant, and thereby conferred a benefit on Defendant.

32.     Defendant accepted the benefit of this work, without compensating Plaintiff and those similarly situated for all work performed.

33.     Defendant has been unjustly enriched by accepting the value of this work without payment for the work performed.

34.     The additional persons who may become plaintiffs in this action with respect to the claim for unpaid overtime, worked for Defendant in one or more workweeks in the four years preceding the filing of this Complaint as customer service representatives in Florida, and worked uncompensated pre-shift hours which would not have been hours over forty if compensated.

35.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

36.     Plaintiff re-alleges paragraphs 1 through 29 and 35 of the Complaint, as if fully set forth herein.

37.     From at least October 2012 and continuing through October 2013, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

38.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

39.     At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

40.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

41.     Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

42.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

43.     Upon information and belief, other individuals who worked for Defendant in the three years preceding the filing of this Complaint were also not paid overtime in one or more workweeks during their employment pursuant to the same management practices, policies or plans applicable to Plaintiff, and described in this Complaint..

44.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## UNJUST ENRICHMENT

45.     Plaintiff realleges and incorporates paragraphs 1 through 5, 14, 15, 20 and 30 through 35 of the Complaint as if fully set forth herein.

46.     This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as her minimum wage and overtime claims.

47.     By requiring Plaintiff and those similarly situated to arrive ten (10) to fifteen (15) minutes early for each shift and not permitting them to clock in until the start of their scheduled shift, Defendant knowingly and unlawfully avoided paying Plaintiff, and those similarly situated, all of their earned wages.

48.     To the extent that uncompensated pre-shift hours worked were not overtime hours, Defendant has been unjustly enriched by not having to pay Plaintiff and those similarly situated for all hours worked.

49.     Plaintiff and those similarly situated performed non-overtime pre-shift work for Defendant, and thereby conferred a benefit on Defendant.

50.     Defendant accepted the benefit of this work, without compensating Plaintiff and those similarly situated for this non-overtime pre-shift work performed.

51.     Defendant has been unjustly enriched by accepting the value of this work without payment for the work performed.

52.     The additional persons who may become plaintiffs in this action with respect to the claim for unpaid overtime, worked for Defendant in one or more workweeks in the four years preceding the filing of this Complaint as customer service representatives in Florida, and worked uncompensated non-overtime pre-shift hours during the relevant time periods.

53.     Plaintiff's unjust enrichment claims seek to recover amounts that should have been paid by Defendant to Plaintiff and those similarly situated as wages for non-overtime pre-shift hours worked but not paid.

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual damages, as well as costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 15th day of July, 2014.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.:  088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*