**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ANGELA ISAACS, on her own behalf and
all similarly situated individuals,**

    **Plaintiff,**

v.                                                                  Case No.  8:14-cv-1716-T-30EAJ

**ONE TOUCH DIRECT, LLC, a Florida
Limited Liability Company,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 40), Plaintiff's Response in Opposition (Dkt. 48), and Defendant's Supplement (Dkt. 56).  The Court, having reviewed the motion, response, supplement, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

On July 15, 2014, Plaintiff Angela Isaacs filed this collective action under the Fair Labor Standards Act ("FLSA") alleging that Defendant One Touch Direct, LLC failed to compensate Isaacs and others similarly situated for overtime compensation.  During the relevant time, Isaacs was a customer service representative.  Isaacs alleges that One Touch violated the FLSA by: (a) requiring employees to arrive at work early to perform tasks

integral to their work before their shift began; (b) failing to include commissions in employees' regular rate of pay; and (c) failing to compensate employees for break time.

On October 13, 2014, Isaacs amended her complaint. On November 18, 2014, One Touch filed the instant motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. One Touch argues that this action is moot based on an *unaccepted* offer of judgment that it served on Isaacs under Rule 68 of the Federal Rules of Civil Procedure. Specifically, One Touch contends that this collective action no longer presents a live controversy because Isaacs, the named plaintiff, was offered full relief and the offer was made prior to conditional certification of the collection action.[1]

One Touch's motion to dismiss was filed before the Eleventh Circuit's December 1, 2014 decision in *Stein v. Buccaneers Ltd. Partnership*, 772 F.3d 698 (11th Cir. 2014). As explained below, *Stein* makes clear that an unaccepted offer of judgment under Rule 68 does not moot a plaintiff's case under these circumstances.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's subject matter jurisdiction. Such motions are grounded in the idea that Article III of the Constitution limits federal-court jurisdiction to cases and controversies. *See U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). If the issues presented in a case are no longer live or the plaintiff lacks a legally cognizable interest in the outcome, i.e., a

---

[1] Plaintiff's Motion to Certify Class and Facilitate Notice Pursuant to 29 U.S.C. 216(b) was filed on October 3, 2014 (Dkt. 21).

"personal stake," then a case is moot. *See Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1244-46 (11th Cir. 2003).

## **DISCUSSION**

In *Stein*, the Eleventh Circuit held that a class action was not moot when the named plaintiff did not accept the defendant's offer of judgment under Rule 68 of complete relief before the class was certified. *See*, *generally*, *Stein*, 772 F.3d 698. Prior to *Stein*, persuasive authority suggested that a court may dismiss a collective action for mootness based on a named plaintiff's unaccepted offer of judgment if the offer provided the plaintiff with full relief and was made prior to conditional certification of the collective action. *See Collado v. J. & G. Transport, Inc.*, 2014 WL 6896146, at \*3-\*4 (S.D. Fla. December 5, 2014) (discussing same and listing cases). *Stein* makes clear that a defendant's act of serving a plaintiff with an offer of judgment that provides that plaintiff with full relief in order to moot the case is no longer a viable defense strategy in the Eleventh Circuit. Specifically, the Eleventh Circuit held:

> Giving controlling effect to an unaccepted Rule 68 offer-dismissing a case based on an unaccepted offer as was done here-is flatly inconsistent with the rule. When the deadline for accepting these offers passed, they were "considered withdrawn" and were "not admissible." *See* Fed.R.Civ.P. 68(b). The plaintiffs could no longer accept the offers or require the court to enter judgment. In short, the plaintiffs still had their claims, and BLP still had its defenses. BLP had not paid the plaintiffs, was not obligated to pay the plaintiffs, and had not been enjoined from sending out more faxes. The named plaintiffs' individual claims were not moot.

*Stein*, 772 F.3d at 702.

Although *Stein* involved a class action under Rule 23 of the Federal Rules of Civil Procedure, the opinion is clear that the same logic would apply to an FLSA collective action. Specifically, the Eleventh Circuit quoted and embraced a portion of the dissenting opinion in *Genesis Healthcare Corp. v. Symczyk*, --- U.S.----, 133 S.Ct. 1523 (2013), a case involving a collective action under the FLSA, where Justice Kagan, writing for four justices, stated:

> That thrice-asserted view [that the defendant's offer mooted the plaintiff's individual claims] is wrong, wrong, and wrong again. We made clear earlier this Term that "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. ---, ----, 133 S.Ct. 1017, 1023, 185 L.Ed.2d 1 (2012) (internal quotation marks omitted). "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Ibid. (internal quotation marks omitted). By those measures, an unaccepted offer of judgment cannot moot a case. When a plaintiff rejects such an offer-however good the terms-her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer-like any unaccepted contract offer-is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer "leaves the matter as if no offer had ever been made." *Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill*, 119 U.S. 149, 151, 7 S.Ct. 168, 30 L.Ed. 376 (1886). Nothing in Rule 68 alters that basic principle; to the contrary, that rule specifies that "[a]n unaccepted offer is considered withdrawn." Fed. Rule Civ. Proc. 68(b). So assuming the case was live before-because the plaintiff had a stake and the court could grant relief-the litigation carries on, unmooted.

*Stein*, 772 F.3d at 702-03 (quoting *Symczyk,* 133 S.Ct. at 1533-34 (Kagan, J., dissenting)); *see also Collado*, 2014 WL 6896146, at *3-*4 (holding that an unaccepted offer of judgment made to the named individual plaintiff cannot moot a collective action under the FLSA based on the Eleventh Circuit's recent opinion in *Stein*).  Accordingly, even assuming for the sake of argument that One Touch's offer of judgment provided Isaacs with full relief, her failure to accept the offer did not moot this collective action.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 40) is denied.

**DONE** and **ORDERED** in Tampa, Florida on January 15, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1716.denym2dismiss40-mootness issue under 68.frm