## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ANGELA ISAACS, on her own behalf and
all similarly situated individuals,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No.  8:14-cv-1716-T-30EAJ**

**ONE TOUCH DIRECT, LLC, a Florida
Limited Liability Company,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of the Case as a Collective Action (Dkt. 21), Defendant's Response in Opposition (Dkt. 42), and Plaintiff's Reply (Dkt. 58).  The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

On July 15, 2014, Plaintiff Angela Isaacs filed this collective action under the Fair Labor Standards Act ("FLSA") alleging that Defendant One Touch Direct, LLC failed to compensate Isaacs and others similarly situated for overtime compensation.  During the relevant time, Isaacs was employed at One Touch as a telephone service representative.

One Touch is a sales and marketing company that provides direct marketing strategies and call center services for several industries, including Wireless, Banking and Financial Services, Music, LEC/LD, Satellite, and Broadband. One Touch currently operates call centers with four sites in the Tampa, Florida area.[1] One Touch employed over 5,600 Telephone Service Representatives ("TSRs") in the last three years at the four sites. TSRs work on different programs that utilize different timekeeping systems. During the relevant time, One Touch operated thirteen different programs that utilized different timekeeping systems and compensation plans for the TSRs.

Isaacs alleges that One Touch violated the FLSA by: (a) requiring employees to arrive at work early to perform tasks integral to their work before their shift began; (b) failing to include commissions in employees' regular rate of pay; and (c) failing to compensate employees for break time. Isaacs requests the Court to conditionally certify the collective action; specifically, she contends that the Court should permit notice of the action to all full-time TSRs who were employed by One Touch in its call centers in Florida over the last three years who were subject to One Touch's "illegal pay practices and policies (a) requiring employees to arrive at work, to perform tasks integral to their work, ten to fifteen minutes before their shifts began without allowing them to clock in; (b) improperly failing to include commissions in employees' regular rate of pay for purposes of calculating employees' overtime rates of pay, resulting in payment of overtime at an improper rate; or (c) allowing

---

[1] There are currently three sites at the Tampa Sligh Campus and one at the Tampa Broadway Campus.

employees to take breaks of longer than five minutes, but less than twenty minutes, while only compensating them for five minutes of the break time." (Dkt. 21).

Isaacs' motion attaches declarations from two other One-Touch TSRs who claim to have suffered similar violations with respect to their pay. Isaacs' declaration states that she is aware of at least 100 TSRs who worked for One Touch at her location who were subject to the same unlawful policies. Isaacs' motion also attaches pay records for Isaacs and two other TSRs that purportedly reflect that commissions were not included in their regular rate of pay for overtime purposes. Since the filing of her motion, a total of five One Touch employees have filed notices to opt-in this action.[2]

## **DISCUSSION**

Pursuant to the FLSA,

> [a]n action to recover [unpaid minimum wage or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

The Eleventh Circuit recommends a two-tiered procedure for district courts to determine whether to certify a collective action under §216(b). *See Cameron-Grant v. Maxim Healthcare Sys.*, 347 F.3d 1240, 1242 (11th Cir. 2003) (citing *Hipp v. Liberty Nat'l*

---

[2]It appears that all but one of these employees accepted Rule 68 offers of judgment; this fact, however, does not change the Court's analysis with respect to other interested parties.

*Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)).  The first tier, known as the notice stage, is relevant here.  "At the notice stage, the district court makes a decision -- usually based only on the pleadings and any affidavits which have been submitted -- whether notice of the action should be given to potential class members."  *Id.* at 1243.  The Court must determine whether other employees desire to opt-in and whether those employees are similarly situated.  *See Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).  At this stage, the standard is fairly lenient and typically results in conditional certification of the representative class.  *See Hipp*, 252 F.3d at 1218.

The onus is on the plaintiff to demonstrate a reasonable basis for the assertion that other employees desire to opt-in.  *See Haynes v. Singer Co.*, *Inc.*, 696 F. 2d 884, 887 (11th Cir. 1983).  Here, Isaacs demonstrated that other employees desire to opt-in this action because five other employees filed opt-in notices.  *See Pittman v. Comfort Systems USA (Southeast), Inc.*, No. 8:12-cv-2142-T-30TGW, 2013 WL 525006, at *2 (M.D. Fla. Feb. 13, 2013) (Moody, J.) (noting that five opt-ins were sufficient to establish that other employees desired to opt-in the collective action).  Isaacs' declaration and the declaration of two other TSRs provide further support of this factor.

At this early juncture, Isaacs also demonstrated the similarly-situated element.  Isaacs provided evidence that One Touch's allegedly unlawful pay practices applied to all TSRs, company-wide, regardless of their specific location and program.  One Touch argues that Isaacs' proposed notice encompasses 5,600 TSRs and that TSR's compensations differed

depending on the specific program they worked on and their location. One Touch's argument is premature because, at this stage, the Court cannot weigh the evidence, especially without the benefit of discovery. One Touch may argue this point at the appropriate time on a motion for decertification. One Touch's arguments attacking the merits of Isaac's claims are also misplaced at this notice stage. *See Vondriska v. Premier Mortg. Funding, Inc.,* 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007) ("Variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at the notice stage."); *see also Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1261-62 (11th Cir. 2008) (courts should consider at the second stage "the various defenses available to defendant[s] [that] appear to be individual to each plaintiff."). Accordingly, the Court concludes that certification is appropriate for notice purposes.

One Touch objects to certain aspects of Isaacs' proposed notice. The Court sustains some of these objections. Specifically, the Court agrees that the notice should include language to the recipient that he or she may be responsible for a share of Isaacs' costs associated with the lawsuit if Isaacs does not prevail on the claims. The Court also agrees that, at this stage, it is unnecessary to post the notice at One Touch's locations. The Court also concludes that a reminder notice postcard is unnecessary and that disclosure of the class members' social security numbers and telephone numbers is unnecessary because communication via e-mail and regular mail provide fair and proper notice.

One Touch's objection with respect to the ninety-day opt-in period is overruled. As Isaacs points out, courts, including this Court, routinely grant ninety-day opt-in periods. *See Pittman*, 2013 WL 525006, at *2.

One Touch's objection with respect to the three-year limitations period is also overruled. This Court has authorized a three-year period at this stage because any issue of willfulness is better addressed on a motion for decertification. *See Whitaker v. Kablelink Communications, LLC*, No. 8:13-cv-2093-T-30MAP, 2013 WL 5919351, at *4 (M.D. Fla. Nov. 4, 2013) (Moody, J.).

The parties shall attempt to resolve any remaining objections as set forth below.

It is therefore ORDERED AND ADJUDGED that:

1.  Plaintiff's Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of the Case as a Collective Action (Dkt. 21) is granted in part and denied in part as stated herein.

2.  The Court conditionally certifies a class of current and former full-time Telephone Service Representatives who worked for One Touch in Florida from three years prior to the date of this Order who were: (a) required to arrive at work, to perform tasks integral to their work, ten to fifteen minutes before their shifts began without allowing them to clock in; (b) deprived of overtime compensation based on One Touch's failure to include commissions in their regular rate of pay for purposes of calculating their overtime rate of

pay; or (c) allowed to take breaks of longer than five minutes, but less than twenty minutes, but were compensated for only five minutes of the break time.

3.  The parties shall confer with respect to One Touch's objections to certain provisions of the notice (to the extent not already addressed by the Court) and file a joint proposed notice within fourteen (14) days of this Order.  If the parties are unable to agree on the details of the notice, they shall individually file a proposed notice for the Court's review during that same period of time.

**DONE** and **ORDERED** in Tampa, Florida on January 20, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1716.grantmtFLSA-certification-21.wpd